# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) v. ) ) MIDWEST ENVIRONMENTAL ) SOLUTIONS, INC., et al., ) ) Defendants. ) | No. 4:07-CV-2094 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Midwest Environmental Solutions, Inc.'s motion to join parties and file cross-complaint.[1] Plaintiffs have filed an opposition brief, and defendant has replied. For the following reasons, defendant's motion will be denied.

On April 4, 2008, the Court entered a case management order. Pursuant to its terms, any motion to join additional parties or amend pleadings was due by May 2, 2008. On at least four occasions after the case management order was entered, the parties represented to the Court that they were confident that this matter would be settled after a final audit report was issued. Because of these repeated representations, the Court continued the deadline for filing dispositive motions by eight months and continued the trial setting by seven months. Three separate amended case management orders were issued. The parties never requested, and therefore never received, any extension of time to seek leave to join additional parties. Currently, the trial is set for December 21, 2009.

---

[1] The motion was filed by defendants Midwest Environmental Solutions, Inc. and Richard A. Johns. Defendant Richard A. Johns was dismissed from this action by order dated October 7, 2009.

Apparently sometime after April 27, 2009, when the parties asked the Court to reconsider its order denying any further extensions (which the Court did, and granted the final extension), settlement discussions broke down. On June 10, 2009, defendant filed the instant motion, seeking leave to join several "general contractors" as defendants. While filed as a "Motion to Join Parties and File a Cross-Complaint," the motion seeks to file a third-party complaint and join several individuals as third-party defendants. Defendant states that joinder is necessary so that it can seek contribution from these third parties for claims. Defendant states that it only recently discovered the scope of plaintiffs' complaint would include these individuals.

Defendant filed its motion for leave to file a third-party complaint more than a year and a half after this case was filed, more than a year after the deadline for filing motions to join parties and amend pleadings, only two days before the close of discovery, and only one week before the deadline for filing dispositive motions. The proposed third-party complaint was not attached to the motion for leave, as is required by this Court's procedures. See Administrative Procedures for CM/ECF at II.B. Nor have the proposed third-party defendants been named or any proposed third-party complaint filed in the intervening months while defendant was awaiting a ruling.

As for the cause for its delay, defendant states that it was not aware that plaintiffs interpreted the collective bargaining agreement so broadly as to include these proposed defendants until May 26, 2009. Plaintiffs state, however, that defendant knew of these individuals and possessed a preliminary version of the audit on January 7, 2009, but waited another six months before seeking to join the individuals. Plaintiffs attach to their response a cover letter dated January 7, 2009, transmitting the preliminary version of the audit. In its reply, defendant does not deny that it had a preliminary version

of the audit, but states that the motion for leave to file a third-party complaint "was filed within a reasonable time after that January 2009 audit."

In support of its motion, defendant cites Federal Rule of Civil Procedure 15, which would provide that leave be freely granted. Where a party seeks leave to amend the complaint after the deadline in the case management order has passed, however, Federal Rule 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). In this case, defendant seeks leave to file a third-party complaint more than a year after the deadline passed. Defendant has not shown good cause, and therefore its motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for joinder and leave to file cross-complaint is **DENIED**. [Doc. 24]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of October, 2009.