UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:07-CV-2094 CAS ) |
| MIDWEST ENVIRONMENTAL SOLUTIONS, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for summary judgment. Defendant Midwest Environmental Solutions, Inc. opposes the motion.[1] For the following reasons, plaintiffs' motion will be granted.

**I.    Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions on behalf of the Construction Laborers Benefit Funds pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Defendant executed an agreement on July 13, 2005, agreeing to be bound to the collective bargaining agreement between Laborers Locals 42-53-110 and the Site Improvement Association, effective from March 1, 2004 through March 1, 2009. Plaintiffs' accountants conducted a payroll examination of defendant's records for the period of July 1, 2005 through December 31, 2007, and found that defendant owes $211,911.05 in delinquent contributions, $43,285.15 in liquidated

---

[1]The motion was filed by plaintiffs against defendants Midwest Environmental Solutions, Inc. and Richard A. Johns. Defendant Richard A. Johns was dismissed from this action by order dated October 7, 2009. "Defendant" refers only to defendant Midwest Environmental Solutions, Inc.

damages, and $29,420.74 in interest. Plaintiffs seek summary judgment in this amount plus costs and attorneys' fees. Defendant opposes the motion, stating it was fraudulently induced to sign the collective bargaining agreement and the audit seeks damages for items beyond the scope of the agreement.

## II.     Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

**III.  Facts**

Defendant executed an agreement on July 13, 2005, agreeing to be bound to the collective bargaining agreement between Laborers Locals 42-53-110 and the Site Improvement Association, effective from March 1, 2004 through March 1, 2009.  The agreement requires defendant to submit monthly reports and remit contributions to the Laborers Funds.  The agreement requires the payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, and payroll examination costs.

The right to audit employers is expressly set forth in the collective bargaining agreement.  Employers must bear the cost of this audit if they have not accurately reported the number of hours worked.  Plaintiffs' accountants conducted a payroll examination of defendant's records for the period of July 1, 2005 through December 31, 2007.  The examination reflects that defendant owes $211,911.05 in delinquent contributions, $43,285.15 in liquidated damages, and $29,420.74 in interest.  Based on the affidavits submitted by plaintiffs in support of their motion, plaintiffs have incurred $5,605.00 in payroll examination fees, $5,110.00 in attorneys' fees, and $459.12 in court costs.  The total amount due is $295,791.06.

**IV.  Discussion**

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

>     (A)   the unpaid contributions,
>     (B)   interest on the unpaid contributions,
>     (C)   an amount equal to the greater of –
>           (i)    interest on the unpaid contributions, or
>           (ii)   liquidated damages provided for under the plan
>           . . . ,

>       (D)     reasonable attorney's fees and costs of the action, to be paid
>               by the defendant, and
>       (E)     such other legal or equitable relief as the court deems
>               appropriate.

In addition to these damages being required by the collective bargaining agreement at issue, this provision of ERISA entitles the fiduciary plaintiffs to unpaid contributions, liquidated damages, interest, costs, and attorneys' fees.

In its two-page opposition to summary judgment, defendant states that genuine issues of material facts preclude summary judgment. Defendant has not submitted, however, a statement of material facts as to which it contends a genuine issue exists with specific references to portions of the record as required by Local Rule 4.01(E). Nor does defendant's opposition specifically controvert the facts stated in plaintiffs' statement of undisputed facts. Defendant states it admits that plaintiffs correctly state the results of the audit, but that it does not "admit[] to the procedures, conclusions or assumptions used [in plaintiffs' audit]." Defendant provides no guidance to the Court as to why it disagrees with the procedures used in the audit, and provides no countervailing audit. The Court does not have the duty to "investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1032 (8th Cir. 2007). Moreover, defendant's opposition to summary judgment relies largely on the defense of fraud in the inducement, which is not a factual issue but a legal one.

Defendant states that the collective bargaining agreement was procured by fraud in the inducement. Also, defendant states that the audit seeks to enforce damages for items beyond the scope of the agreement, specifically, mold remediation, carpet cleaning, and residential water damage remediation. For support, defendant attaches the affidavit of Richard Johns, the principal of defendant corporation. Mr. Johns states that he was induced to sign the collective bargaining

4

agreement because he was told it only applied to commercial asbestos abatement jobs. He also states that he executed the single-page short form, but despite promises to do so, plaintiff never provided a copy of the collective bargaining agreement to him to review.

Contrary to defendant's assertion, fraudulent inducement by a union is not a valid defense to a fringe benefit fund's action to collect delinquent contributions. See Central States, Se. & Sw. Areas Pension Fund v. Independent Fruit & Produce Co., 919 F.2d 1343, 1348-49 (8th Cir. 1990). As the Eighth Circuit recognized, ERISA Section 515 places the pension fund plaintiff in a better position than a third-party beneficiary to a contract, analogous to that of a holder in due course, "entitled to enforce the writing without regard to understandings or defenses applicable to the original parties." Id. at 1348. Pursuant to ERISA Section 515, "suit [by a trustee] cannot be thwarted by defenses not apparent from the face of the Agreement." Id. at 1349 (citing Bituminous Coal Operators' Ass'n v. Connors, 867 F.2d 625, 634 (D.C. Cir. 1989)). Therefore, the defense of fraudulent inducement is unavailable in this action. Id. (citing Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 775 (9th Cir. 1986) (rejecting claim that promise to make contributions was fraudulently induced); Southern Cal. Retail Clerks Union & Food Employers Joint Pension Tr. Fund. v. Bjorklund, 728 F.2d 1262, 1265-66 (9th Cir. 1984) (same)); see also Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 314 (2d Cir. 1990); Central States Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148, 1149 (7th Cir. 1989).

Defendant also states that it signed a one-page agreement binding it to the collective bargaining agreement, but "plaintiff never provided a copy of the collective bargaining agreement to defendant, for me to have an attorney review." (Johns Aff. at ¶ 6). To the extent defendant's argument is a defense, it is a contract defense unavailable in this pension fund collection action.

"[T]he courts recognize only two defenses to a collection action: that the pension contributions are themselves illegal or that the collective bargaining agreement is void." Central States, Se. & Sw. Areas Pension Fund, 919 F.2d at 1349. Defendant does not appear to be arguing either. Moreover, even if this defense was available, Mr. Johns signed an agreement, by which he agreed

> to be bound by the 2004-2009 Collective Bargaining Agreement, effective March 1, 2004, between the Site Improvement Association and the Eastern Missouri Laborers' District Council and its affiliated Local Unions Nos. 42, 53, and 110 . . . . The undersigned understands that no Union business representative, officer or agent has any authority to enter into any oral modification of the terms of this Agreement or of the Agreement's coverage or scope . . . . I hereby acknowledge that I have received a copy of this Agreement.

(Difani Aff., Ex. 1). The agreement states that defendant is to be bound by the collective bargaining agreement and defendant acknowledges understanding that no union representative can orally modify the agreement. Defendant cannot defend this action by stating he did not review the collective bargaining agreement. See, e.g., Operating Eng'rs Local No. 49 Health & Welfare Fund v. Ronglien Excavating, Inc., 2009 WL 2568611 *4 n.1(D. Minn. Aug. 18, 2009) (citing Laborers' Pension Fund v. A & C Env'l, Inc., 301 F.3d 768, 779 (7th Cir. 2002) (finding as a matter of law, that there was no fraud in the execution where employer failed to show reasonable reliance on the union's representations; explaining that employer's ignorance of the nature of the contract was not excusable where he did not take the opportunity to review the document)).

Finally, defendant argues that plaintiffs seek contributions for work beyond the scope of the collective bargaining agreement. Defendant claims mold remediation, water remediation, asbestos abatement, air duct cleaning, and carpet cleaning are not covered by the agreement. All of this work, however, is covered by the collective bargaining agreement and is therefore within its scope. See Elliott Aff. at ¶¶ 4-9; see also Collective Bargaining Agreement at § 9.01N (covering "removal . . .

of hazardous waste material"); § 9.01J (covering "the cleaning of all buildings"); § 9.01Q (covering asbestos abatement); and § 9.01H (covering "demolition work").

Based on plaintiffs' accountants' payroll examination of defendant for the period of July 1, 2005 through December 31, 2007, defendant owes plaintiffs $211,911.05 in delinquent contributions (Massa Aff. at ¶ 4); $43,285.15 in liquidated damages (id.); $29,420.74 in interest (id.); $5,605.00 for the cost of the financial examination (id. at ¶ 5); $5,110.00 in attorneys' fees (Evans Aff. at ¶ 5); and $459.12 in costs (id.). Based on the evidence presented, the Court finds that the services performed by plaintiffs' accountants and attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable. The total amount owed by defendant to plaintiffs is $295,791.06, and judgment will be entered in this amount.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment is **GRANTED**. [Doc. 31]

**IT IS FURTHER ORDERED** that judgment is entered in favor of plaintiffs and against defendant Midwest Environmental Solutions, Inc. in the amount of Two Hundred Ninety-Five Thousand, Seven Hundred Ninety-One Dollars and Six Cents ($295,791.06), as and for delinquent fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of November, 2009.