# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07-CV-2094 CAS |
| MIDWEST ENVIRONMENTAL SOLUTIONS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the following reasons, the Court will grant the motion.

**Background**.

Plaintiffs filed this action to collect delinquent fringe benefit contributions on behalf of the Construction Laborers Benefit Funds pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. On November 4, 2009, the Court granted plaintiffs summary judgment in the amount of Two Hundred Ninety-Five Thousand, Seven Hundred Ninety-One Dollars and Six Cents ($295,791.06), as and for delinquent fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs.

**Motion to Compel**.

Plaintiffs' motion to compel and the affidavit of attorney Michael Evans assert that plaintiffs sent notices of post-judgment deposition to Richard Johns of defendant Midwest Environmental Solutions, Inc. by mail on December 16, 2009 and December 23, 2009, pursuant to Federal Rules of Civil Procedure 69 and 37. The notice required the attendance of Mr. Johns at the office of plaintiffs' counsel on January 18, 2010, at 11:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Mr. Johns did not appear at the deposition or produce any documents.

Defendant responds that plaintiffs were required to follow the judgment debtor examination procedures set out by Missouri state law, namely personal service upon the defendant through its registered agent. Defendant misinterprets Federal Rule of Civil Procedure 69(a). Rule 69(a) of the Federal Rules of Civil Procedure provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person--including the judgment debtor--*as provided in [the Federal Rules of Civil Procedure]* or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P. (emphasis added).

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local

law." H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir.) (citation omitted), cert. denied, 510 U.S. 1019 (1993).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that Richard Johns of defendant Midwest Environmental Solutions, Inc. was properly noticed for deposition but failed to appear. Plaintiffs' motion to compel discovery should therefore be granted, and Richard Johns of defendant Midwest Environmental Solutions, Inc. will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 45]

**IT IS FURTHER ORDERED** that Mr. Richard Johns of defendant Midwest Environmental Solutions, Inc. shall appear for a post-judgment deposition and produce the records requested in the notices of deposition dated December 16, 2009 and December 23, 2009, at the offices of plaintiffs' counsel on **Thursday, February 25, 2010**, at **10:00 a.m.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of January, 2010.

3